**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000459
15-NOV-2011
08:35 AM**

NO. CAAP-11-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROARING LION, LLC, a Montana Limited Liability Company;
DAVID COWAN and NATHALIE COWAN; UMANG P. GUPTA and
RUTH M. GUPTA, as Trustees of the Umang and Ruth
Gupta Trust under Trust Agreement dated January 18,
2000; and PAUOA BEACH 8 LLC, a Hawai'i Limited
Liability Company, Plaintiffs-Appellants,
v.
EXCLUSIVE RESORTS PBL1, LLC, a Delaware Limited
Liability Company; and EXCLUSIVE RESORTS PLB3,
LLC, a Delaware Limited Liability Company,
Defendants-Appellees,
and
PAUOA BAY PROPERTIES LLC, a Delaware Limited Liability
Company; WHITE SAND BEACH LIMITED PARTNERSHIP, a
Delaware Limited Partnership; PAUOA BEACH REALTY
LLC, a Hawai'i Limited Liability Company; JOHN
DOES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CIVIL NO. 04-1-0332)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/

Appellants Roaring Lion, LLC, David Cowan, Nathalie Cowan,

Umang P. Gupta, Ruth M. Gupta, and Pauoa Beach 8 LLC's (the Appellants), appeal from the Honorable Greg K. Nakamura's May 11, 2011 "Order Granting in Part Defendants Exclusive Resorts PBL1, LLC and Exclusive Resorts PBL3, LLC's Motion for Attorneys' Fees, Filed on December 13, 2010" (the May 11, 2011 order awarding attorneys' fees and costs), and (2) the record, it appears that we lack jurisdiction over Appeal No. CAAP-11-0000459 because, in the absence of an appealable final judgment, the May 11, 2011 order awarding attorneys' fees and costs is an interlocutory order that is not yet eligible for appellate review.

Hawaii Revised Statutes (HRS) § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Although the circuit court has entered a December 1, 2010 judgment in this case, we have dismissed two prior appeals from the December 1, 2010 judgment in Appeal Nos. CAAP-10-0000249 and CAAP-10-0000251 because the December 1, 2010 judgment does not satisfy requirements for an appealable judgment in a multiple-claim case

under HRCP Rule 58 and the holding in Jenkins.  "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable."  Fujimoto v. Au, 95 Hawai'i 116, 123, 19 P.3d 699, 706 (2001); CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 306, 22 P.3d 97, 102 (App. 2001) ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").  In the absence of an appealable final judgment, the May 11, 2011 order awarding attorneys' fees and costs is an interlocutory order that is not yet eligible for appellate review, and, consequently, we lack jurisdiction over Appeal No. CAAP-11-0000459.  Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i,  November 15, 2011.

Presiding Judge

Associate Judge

Associate Judge